CHASEZ, Judge.
Saul Asen and his insurer, United States Fidelity & Guaranty Co. brought this suit for $271.48 property damage sustained by Mr. Asen’s automobile when it was struck by a taxicab owned by Checker Cab Company, Inc., bonded by Taxicab Bonding Association, Inc., driven by Melvin E. Lollar *91 and carrying Leroy E. Zimmerman as passenger.
The accident occurred about 3:15 a. m. on the morning of February 5, 1962. Mr. Asen’s automobile, a 1957 Mercury, was parked in front of his home at 6354 Canal Boulevard in the City of New Orleans at the time, and was not occupied. The petition alleges that the accident occurred as a result of the “concurrent fault and negligence” of the taxicab driver and his passenger.
Defendants Taxicab Bonding Association, Checker Cab Company of New Orleans, Inc., and Melvin E. Lollar filed an answer generally denying the allegations of the petition, and a third party complaint against defendant, Leroy E. Zimmerman, the passenger alleging that his activities were the sole cause of the accident, and which, as orally amended, prayed for a judgment over against Zimmerman in the full amount of liability, if any.
Defendant Zimmerman filed what amounted to a general denial of both the original petition and the third party complaint.
Judgment was rendered in favor of plaintiffs and against Taxicab Bonding Association, Inc., and Checker Cab Company, Inc. The Court failed to make any disposition with regard to the claims of the original petition against the driver and the passenger. The third party action was dismissed.
Taxicab Bonding Association, Inc., and Checker Cab Company, Inc., appeal, contending that their driver was not negligent in any respect, and that it was the actions of their passenger in striking their driver that caused the accident.
In the ordinary course of events, moving automobiles do not run into parked automobiles unless someone has been negligent. In this case, the defendant cab driver had control of the vehicle, and an inference of negligence on his part would be warranted in the absence of some explanation. It was incumbent on the defendant to come forth with such an explanation and we are of the opinion that they have successfully done so in this case. -
The only direct testimony as to how the accident occurred is that of Melvin E. Lollar, the driver of the cab, and liability depends solely upon whether or not he is to be believed. As Lollar is a seaman and was at sea at the time of trial, his testimony was taken by deposition; therefore, the usual weight given to a trial Judge’s appraisal of a witness’s credibility is not appropriate.
Mr. Lollar testified that at about 2:15 a. m. on Feb. 5, 1962, in response to a call, he went to the Anchor Inn on West End Boulevard at the Lakefront in the City of New Orleans, and picked up Mr. Zimmerman. He could smell liquor on Mr. Zimmerman’s person and thought that he may have been slightly intoxicated. At Zimmerman’s request, he drove to a lounge on Tulane Ave., which lounge apparently did not meet with Zimmerman’s favor as he did not even get out of the cab; instead, he asked to be taken back to the Anchor Inn. By this time, the Anchor Inn was closed and Lollar so informed Zimmerman. Zimmerman, however, insisted upon being taken there anyway. On arrival, Zimmerman “staggered” to the door of the lounge, tried to open it, banged on it several times, and then got back into the cab, told Lollar to start driving back into the City and he would tell him where to go on the way. When they were in the 6400 or 6300 block of Canal Boulevard, an argument as to how much Zimmerman owed started, Zimmerman claiming that they had just left the Anchor Inn and it could not be as much as Lollar said. Mr. Lollar told him they had left Anchor Inn once and had come back again. According to Lollar, Zimmerman then proceeded to curse him; Lollar slowed from his normal speed of about 32 to 37 miles per hour to about 20 or 25 miles per hour. He was travelling *92 in the right hand, river bound lane. Suddenly, Zimmerman hit him on the side of his face between the right ear and eye, causing him to slump to his left side, lose control of the cab, and hit the Asen vehicle. He suffered a headache, and a swelling and slight laceration for which he was treated at Montelepre Hospital, which may or may not have been as a result of Zimmerman’s blow — he could not be absolutely positive one way or the other.
Zimmerman testified at the trial, but remembered very little about anything that may have happened before or after the incident. He testified that the cab picked him up at the Anchor Inn on West End Boulevard out at the Lalcefront about 2:00 a. m., that he asked to be taken to his home, and that the accident occurred before they got there. He recalled that the police came to the scene and that they took him to the Precinct station, but does not remember with what he was charged, nor does he remember ever appearing in Court to answer any charge. He admitted that he had been drinking, but states positively that he did not ask to be taken to a lounge on Tulane Avenue, nor did he deny having struck the cab driver.
The investigating police officer, John M. Hansel, testified that he attempted to communicate with the passenger in the cab, (Zimmerman) but was unable to do so; that Zimmerman was arrested on the cab driver’s complaint that his passenger had assaulted him and that he could not pay the fare. He testified that he could tell Zimmerman had been drinking, that he was incoherent, and that though he did not fight them, the police officers had to physically haul him out of the cab and place him in the patrol car. He further testified that the driver showed him his trip sheet which indicated that the cab went down to a place on Tulane Ave., from the Anchor Inn and then back to the Anchor Inn, and was en route to another destination at the time of the accident.
The cases cited by counsel for Saul Asen and United States Fidelity & Guaranty Company are inapplicable, in our opinion, for they involve liability of common carriers for injuries to their passengers; the present case does not involve a contract of carriage and the attendant stringent duty applicable to common carriers, but rather liability for damages suffered by a third person. Counsel assert that there is “sufficient evidence of a contradictory nature in the record to completely destroy the credibility of the witness, Melvin Lol-lar,” but fail to direct our attention to any such evidence.
Counsel for Leroy E. Zimmerman directs our attention to testimony of the driver wherein the driver stated he slowed down while talking to the passenger with regard to the fare, and his abusive language. Counsel is dissatisfied with Lollar’s explanation of why he slowed down. We agree with counsel’s conclusion that this testimony “fails to prove anything definitely, one way or another,” but we do not agree with the implication that therein lay any impeachment of Lollar’s credibility. Counsel next directs our attention to testimony of Lollar that the injury he sustained on the right side of his face between the ear and the eye was a result of the blow allegedly dealt him by Zimmerman, and his later statement in response to the question, “You are positive of that?” that “Well --- (pause) after some thought, I can’t be positive of it.” Our appreciation of this conversational exchange is that Mr. Lollar was making every effort to be completely honest in his testimony. Nor can ,we fault Lollar for not seeing Zimmerman strike the blow, for he was struck from behind. We feel the same remarks are appropriate with regard to Lollar’s refusal to estimate the time lag between the blow and the collision.
We have read the record and fail to find any substantial evidence contra- *93 dieting the testimony of Melvin E. Lollar or in any way impeaching or discrediting his credibility, thus his positive testimony as to how the accident occurred should be accepted, particularly where, as in this case, the only other witness certifies only that he does not remember much about the incident.
Heiman v. Pan American Life Ins. Co., 183 La. 1045, 165 So. 195; Klaus v. Southern Railway Company, La.App., 107 So.2d 305; Faslund v. Kendrick, La.App., 169 So.2d 276.
We are of the opinion that the accident was caused solely by the act of Leroy E. Zimmerman striking the driver of the defendant’s cab, causing him to lose control of the vehicle and collide with the plaintiff’s parked car.
For the foregoing reasons it is ordered that the judgment of the Court below in favor of plaintiffs and against defendants, Taxicab Bonding Association and Checker Cab Company, Inc., be reversed, and judgment on the original petition herein be entered in favor of Saul Asen for his own use and benefit in the sum of $50.00, and in favor of Saul Asen for the use and benefit of United States Fidelity & Guaranty Co. in the sum of $221.48, against defendant Leroy E. Zimmerman.
It is further ordered that there be judgment in favor of defendants Taxicab Bonding Association, Inc., Checker Cab Company, Inc., and Melvin E. Lollar and against plaintiffs Saul Asen and United States Fidelity & Guaranty Company, dismissing plaintiff’s suit against them.
In all other respects the judgment of the Court below is affirmed.
All costs of all proceedings in both this Court and the Court below to be paid by defendant, Leroy E. Zimmerman.
Affirmed in part, reversed in part, and rendered.